UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA V., Plaintiff,<br>v.<br>FRANK J. BISIGNANO, Commissioner of Social Security, Defendant. | Case No.: 21-CV-1223-DDL<br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

Before the Court is Christina V.'s ("Plaintiff") Amended Petition for Attorneys' Fees pursuant to 42 U.S.C. § 406(b), which was filed on July 9, 2026. Dkt. No. 17. Plaintiff's counsel seeks $10,000.00 for legal fees incurred in relation to work completed at the District Court level. *Id*. at 2. Frank Bisignano, Commission of Social Security ("Defendant"), by and through counsel, filed a Response to Plaintiff's Motion for Attorneys' Fees on July 22, 2026. Dkt. No. 21. Defendant "neither supports nor opposes" Plaintiff's Petition. *Id*. at 3.

In support of Plaintiff's Petition for Attorney's Fees, Plaintiff's counsel correctly identifies that Plaintiff received a fully favorable administrative decision on February 25, 2026, [*See* Dkt. No. 17-1] and that the corresponding Notice of Award identifies $49,225.50, twenty-five percent of Plaintiff's total past-due benefits, was withheld in case the Administration needs to pay Plaintiff's representative. *See* Dkt. 17-2 at 4. Plaintiff

states she requested $15,000 from the Social Security Administration for attorney work completed at the administrative level, and that as of July 9, 2026, no attorneys' fees had been paid. Dkt. No. 17 at 2. Plaintiff's counsel's hourly breakdown of time-worked [Dkt. No. 17-3] and the fee agreement between Plaintiff and her counsel [Dkt. No. 17-4] are also referenced in support of an award of attorneys' fees under § 406(b). *Id*. at 3.

When a court renders judgment in favor of a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). These fees are paid from the claimant's award of past-due benefits. *Id*. In *Gisbrecht*, the Supreme Court held that "§ 406(b) does not displace contingent-fee agreements," but rather "instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

In this case, the requested $10,000 does not exceed 25% of Plaintiff's total past-due benefits. However, the Court's review of Plaintiff's fee agreement for reasonableness raises two points of concern. First, the fee agreement does not appear to authorize Plaintiff's counsel to collect attorneys' fees under 42 U.S.C. § 406(b). *See* Dkt. No. 17-4 (only authorizing payment of fees under 42 U.S.C. § 406(a)(2)). Second, assuming *arguendo* that Plaintiff's counsel is entitled to fees under § 406(b), which the Court is not presently persuaded is the case, the fee agreement appears to only authorize payment of "the lesser of 25% of the amount of past due benefits awarded to [Plaintiff] and any auxiliary beneficiaries, or $9,200.00." *Id*. (emphasis added). In light of this language, it appears to the Court that Plaintiff's counsel may only be entitled to $9,200 in fees, if he is entitled to fees at all.

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **ORDERS** Plaintiff to file supplemental briefing addressing the foregoing issues by no later than **October 23, 2026**. Defendant will have until **October 30, 2026** to file an optional response to Plaintiff's supplemental briefing.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Hon. David D. Leshner
United States Magistrate Judge