UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA V., Plaintiff, v. FRANK BISIGNANO, Commissioner of Social Security, Defendant. | Case No.: 21-cv-1223-DDL **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR ATTORNEY'S FEES PURSUANT TO SECTION 406(b) OF THE SOCIAL SECURITY ACT** **[Dkt. No. 17]** |

**I.**

**BACKGROUND**

Before the Court is Christina V.'s ("Plaintiff") Amended Petition for Attorneys' Fees pursuant to 42 U.S.C. § 406(b), which was filed on July 9, 2026. Dkt. No. 17. Plaintiff's counsel seeks $10,000.00 for legal fees incurred in relation to work completed in proceedings before the District Court. *Id.* at 2. Frank Bisignano, Commissioner of Social Security ("Defendant"), by and through counsel, filed a Response to Plaintiff's Motion for Attorneys' Fees on July 22, 2026. Dkt. No. 21. Defendant "neither supports nor opposes" Plaintiff's Petition. *Id.* at 3.

On October 7, 2026, the Court issued an Order requiring supplemental briefing from Plaintiff regarding Plaintiff's counsel's authority to collect attorneys' fees under 42 U.S.C. § 406(b) and the fee agreement's limitation of fees to "the lesser of 25% of the amount of past due benefits awarded to [Plaintiff] and any auxiliary beneficiaries, or $9,200.00." *See*

Dkt. No. 22 at 2 (quoting Dkt. No. 17-4. The Court set a deadline of October 23, 2026 for Plaintiff to submit the supplemental briefing. Dkt. No. 22. Having not received any supplemental briefing, the Court *sua sponte* extended Plaintiff's deadline through October 30, 2026. Dkt. No. 23. As of November 2, 2026, the Court has not received Plaintiff's supplemental briefing and will decide Plaintiff's petition on the current record.

**A. <u>Parties' Positions</u>**

Plaintiff seeks an order from the Court awarding attorney fees pursuant to Section 42 U.S.C. § 406(b) in the amount of $10,000.00. Dkt. 17. at 4. Plaintiff notes that she received a fully favorable administrative decision on February 25, 2026 [*See* Dkt. No. 17-1], and that 25 percent of her past-due benefits ($196,902.00) is $49,225.00, which was withheld for payment of attorney fees. Dkt. No. 17 at 2. Plaintiff also states she requested a fee of $15,000.00 for attorney work at the administrative level, which remained outstanding at the time of filing on July 9, 2026. *Id.*

Defendant states that it "neither supports nor opposes Counsel's request for attorney's fees in the amount of $10,000.00 under 42 U.S.C. § 406(b)." Dkt. No. 21 at 2. Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." *Id.* However, Defendant notes "the fee agreements counsel attached to his motion do not appear to authorize him to collect attorney's fees under 42 U.S.C. § 406(b). *Id.* at 2-3. Defendant also emphasized that even if the fee agreement authorizes Plaintiff's counsel to collect attorneys' fees under 42 U.S.C. § 406(b), it does "not appear to authorize counsel's requested fee amount" of $10,000.00. *Id.* at 3.

**II.**

**<u>ANALYSIS</u>**

Pursuant to § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney

for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[1] When contemplating a fee motion under § 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Thus, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

Here, Plaintiff's contingency fee agreement,[2] signed by both Plaintiff and her counsel on February 27, 2025, expressly authorizes Plaintiff's counsel to receive payment of "the lesser of 25% of the amount of past due benefits awarded to me and any auxiliary beneficiaries, or $9,200.00." Dkt. No. 17-4. In the agreement, Plaintiff acknowledged that "the maximum authorized fee may be increased by the government in the future above $9,200.00 and [Plaintiff] agree[s] that the amount in effect pursuant to 42 U.S.C. § 406(a)(2), at the time [her] case is approved will apply." *Id.* (emphasis added). The fee agreement makes one other reference fees under 42 U.S.C. § 406(a)(2) but does not authorize a fee award under 42 U.S.C. § 406(b).

"The court has no authority to award an attorney's fee for representation of a claimant before the Secretary, that power being granted by 42 U.S.C. § 406(a) to the Secretary alone." *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975). Accordingly, the Court declines to do so here.

The Court recognizes that express contractual authorization is not a prerequisite to

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

[2] Plaintiff also attaches a prior contingency fee agreement between her and her counsel, signed by both on December 10, 2020. Dkt. No. 17-5 at 2. Although this fee agreement is also silent as to a fee award under 42 U.S.C. § 406, the Court's analysis here focuses solely on the operative fee agreement found in Dkt. No. 17-4.

an award of attorneys' fees under § 406(b). *See Giles v. Saul*, No. 17-cv-659-PB, 2020 WL 836736, at *2 (D.N.H. Feb. 20, 2020) (citing *Mounce v. Colvin*, No. 10-cv-560-PB, 2016 WL 4444710, at *1 (D.N.H. Aug 23, 2016)). Nevertheless, counsel bears the burden of demonstrating that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1148. Here, the fee agreement relied upon by Plaintiff's counsel in his petition does not provide for payment from Plaintiff's past-due benefits for representation before this Court under § 406(b). *See* Dkt. No. 17-4. The Court afforded counsel an opportunity to address that omission and to explain the legal and factual basis for a reasonable award notwithstanding the agreement's terms. Dkt. No. 22. Counsel did not submit the requested supplemental briefing.

Accordingly, Plaintiff's motion is **DENIED** without prejudice. Plaintiff may re-file the motion with the additional information requested in Dkt. No. 22. Any such renewed motion must be filed by not later than December 1, 2026.

**IT IS SO ORDERED**.

Dated: November 3, 2026

Hon. David D. Leshner
United States Magistrate Judge